IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR.,<br><br>    Plaintiff<br><br>    v.<br><br>PA SUPERIOR COURT,<br>COMMONWEALTH OF PENNSYLVANIA,<br>WESTERN DISTRICT CRIMINAL DIVISION, and<br>UNITED STATES<br><br>    Defendants | Case No. 1:21-CV-282<br><br>SUSAN PARADISE BAXTER<br>UNITED STATES DISTRICT JUDGE |

**MEMORANDUM OPINION**

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on October 12, 2021. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory

1

screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on October 12, 2021.[1] To the extent any allegations were provided, they read as follows:

> The United States of America Commonwealth of Pennsylvania Western Criminal Division District/PA Superior Court's Erie Clerk's Office at cost and payment of arrest date to sentence date. 7/30/2003 to 4/27/2004 was nolle prosse at complaint day lacking evidence.

ECF No. 1-1, page 4.

In the relief section of the form complaint, Plaintiff states:

> U.S.A. nolle prosse Erie Clerk's office at civil cover sheet Insurance cost of patent, copyright, trademark[.] No evidence of offense at offense date 6/20/03 or caption 901/6301 at sentence day 4/27/2004 $2,000,000,000,000.

*Id*.

On December 1, 2021, Plaintiff filed a one-page document styled as "Amended Complaint to Clerk of Courts" which lists no Defendants, contains no caption, and lacks any factual allegations. The document only lists dates and Federal Rules of Civil Procedure. *See* ECF No. 3.

Additionally, on January 13, 2022, Plaintiff submitted a filing which reads, in its entirety:

> I want to offer against all Defendants from this Amended Complaint correspondence 20 cases at monetary relief for no mistrial at preliminary or formal arraignment scheduling. Violation of civil rights. No mistrial. Monetary

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order in Civil Action Number 1:22-cv-1. This case was filed prior to the entry of the Vexatious Litigant Order.

2

> relief from the Commonwealth of PA Civil rights docket cases at $9,000,000,000,000,000,000,000,000,000,000,000.

ECF No. 5. Because there is no caption or title listed on the document, the Clerk's office filed this document as "correspondence to court."

Liberally construing Plaintiff's filings as we must due to his pro se status, there is nothing in this filing that overcomes the deficiencies of Plaintiff's original complaint. Even if Plaintiff's statements are construed together as allegations across all his filings[2], this case fails to state a claim upon which relief can be granted.

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

Plaintiff has failed to identify any viable Defendant. Here, the Defendants identified by Plaintiff in the caption of his original complaint are "PA Superior Court," "Commonwealth of Pennsylvania," "Western District Criminal Division," and "United States." ECF No. 1-1, page 1. Within the body of the form complaint, Plaintiff lists "PA Superior Court" and "Erie Clerk's Office" as Defendants. *Id*. at pages 3-4. Under no circumstances are any of these entities a viable defendant under the law.

---

[2] Although an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed" (*Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018)), this Court has examined all of Plaintiff's filings in this case together.

The state defendants are protected by the Eleventh Amendment. Both the Commonwealth of Pennsylvania and the Superior Court are immune from suit by private parties in federal courts. *Lavia v. Pennsylvania Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). *See also Muhammad v. Cappellini*, 2013 WL 1249029, at *2 (M.D. Pa. 2013), *aff'd* 532 Fed. App'x 127 (3d Cir. 2013) ("The Eleventh Amendment also bars suits against state entities, including Pennsylvania state courts. *Benn v. First Jud. Dist. of Pa.,* 426 F.3d 233, 241 (3d Cir. 2005)."). Besides being protected by the Eleventh Amendment, a state is not a person and cannot be sued under § 1983. *See, e.g., Patterson v. Pa. Liquor Control Bd*., 915 F.3d 945, 956 n.2 (3d Cir. 2019) ("[A] State, including an entity that is an arm of the state, is not a 'person' under 42 U.S.C. § 1983, and therefore cannot be sued for damages under the statute.").

Any claim against the federal governmental entities also fails. *See District of Columbia v. Carter*, 409 U.S. 418, 425 (1973) (stating that "actions of the Federal Government and its officers are at least facially exempt" from the proscriptions of § 1983). Plaintiff has not sued any individual nor has he provided any factual allegation against any federal employee. Because there is no governmental entity known as the Western District Criminal Division, such is not a viable defendant. The "Erie Clerk's Office" is not a person and cannot be sued under § 1983. Finally, the United States is immune from suit unless it consents to be sued, which is not the case here.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp*., 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL

4

4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on any of the factual statements in any of his filings, leave to amend is futile.

    An appropriate Order follows this Memorandum Opinion.